Cite as: 583 U. S. ____ (2017)          1

# SUPREME COURT OF THE UNITED STATES

## CHRISTOPHER ANTHONY FLOYD *v.* ALABAMA

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF ALABAMA

No. 16–9304.   Decided December 4, 2017

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE BREYER joins, respecting the denial of certiorari.

Petitioner Christopher Floyd was sentenced to death by an Alabama jury that was selected in a manner that raises serious concerns under our precedent in *Batson* v. *Kentucky*, 476 U. S. 79 (1986), *J. E. B.* v. *Alabama ex rel. T. B.*, 511 U. S. 127 (1994), and *Foster* v. *Chatman*, 578 U. S. ___ (2016). Although the unique context of Floyd's case counsels against review by this Court, I find the underlying facts sufficiently troubling to note that in the ordinary course, facts like these likely would warrant a court's intervention.

During *voir dire*, the Houston County District Attorney's Office exercised peremptory challenges against 10 out of 11 qualified African-American venire members, and used 12 of its 18 strikes against women. The prosecutor also marked the letter "'B,' as in black," next to the name of each potential African-American juror. 2 Supp. Record, Reporter's Tr. 58 (Nov. 13, 2007).

If these facts sound familiar, it is because they are remarkably similar to those in *Foster*, where we concluded that peremptory strikes of jurors "were 'motivated in substantial part by discriminatory intent.'" 578 U. S., at ___ (slip op., at 23) (quoting *Snyder* v. *Louisiana*, 552 U. S. 472, 485 (2008)). There, the prosecution struck all four qualified African-American venire members and had marked each of their names with a "B." 578 U. S., at ___

(slip op., at 3). The prosecutors' attempts to provide race-neutral explanations with respect to two of those venire members failed to withstand scrutiny. See *id.,* at ___ (slip op., at 23). Here, too, the record fails to support the prosecutors' proffered race- and gender-neutral reasons for some of the strikes. For example, the reasons for striking at least two venire members applied equally to seated jurors, and the prosecutors justified the strikes of five women on the basis of age despite the fact that their ages ranged from 28 to 77.

That we have not granted certiorari should not be construed as complacence or an affirmance of all of the reasoning of the courts below. The unusual posture in which Floyd raised his *Batson* and *J. E. B.* claims warrants caution in the exercise of the Court's review here. Yet, courts reviewing claims in circumstances like these must be steadfast in identifying, investigating, and correcting for improper bias in the jury selection process. Such discrimination "'casts doubt on the integrity of the judicial process,' and places the fairness of a criminal proceeding in doubt." *Powers* v. *Ohio*, 499 U. S. 400, 411 (1991) (citation omitted).